UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN L. PARKER,<br>CDCR #AV-8247,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>POLLARD, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 23cv1903-LL-JLB<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A**<br><br>**[ECF No. 1]** |

　　　　On October 16, 2023, Plaintiff Fabian L. Parker, a state prisoner incarcerated at the Substance Abuse Treatment Facility in Corcoran, California, proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleges that while incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, RJD correctional officers failed to protect him from assault by other inmates. *Id.* at 4-6. On October 31, 2023, this action was dismissed for failure to pay the filing fee or submit an application to proceed in forma pauperis. ECF No. 3. Plaintiff has paid the filing fee. ECF No. 4.

## I. SCREENING PURSUANT TO 28 U.S.C. § 1915A

### A. Standard of Review

The Court must conduct an initial review of the Complaint under 28 U.S.C. § 1915A, which "mandates early review - 'before docketing () or () as soon as practicable after docketing' - for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (quoting 28 U.S.C. § 1915A(a)). "'On review, the court shall . . . dismiss the complaint, or any portion of the complaint,' if it '(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.'" *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

Screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "The Rule 12(b)(6) standard requires a complaint to 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). There must be more than "labels and conclusions" or "a formalistic recitation of the elements of a cause of action," to plausibly state a claim, because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678.

"Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "But where the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged - but it has not 'show(n)' - 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.  Discussion

Plaintiff alleges that on or about November 30, 2019, Defendants RJD correctional officers Ortega and Diaz allowed six inmates who lived on the top tier of his housing unit to bypass a metal detector and enter the dayroom of C-yard. ECF No. 1 at 4-5. Plaintiff lived on the bottom tier, and after he went through the metal detector he was attacked by the inmates who were allowed to bypass the metal detector. *Id.* Plaintiff was stabbed with a screwdriver in the left lung. *Id.*

Plaintiff alleges that on November 3, 2020, Defendants RJD correctional officers Brancemante and Corrilo knew of the 2019 attack, yet one of the attackers was placed on the same yard as Plaintiff. *Id.* at 6. Plaintiff defended himself against another attack and was subjected to administrative segregation as a result. *Id.* There are no allegations against the remaining Defendants, Pollard, Greene and Salinas.

The prohibition on the infliction of cruel and unusual punishment embodied in the Eighth Amendment, which is applicable to the states through the Fourteenth Amendment, imposes a duty on prison officials to "'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment,'" and requires that "a prison official must have a 'sufficiently culpable state of mind,'" that is,

"one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 297, 302-03). The official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff has not plausibly alleged Defendants Diaz and Ortega knew that the inmates they allowed to bypass the metal detector posed a threat to Plaintiff. Although Plaintiff alleges Defendant Diaz was "appraised of the conflict the Plaintiff had with the attackers," [ECF No. 1 at 5], such conclusory allegations are insufficient to state a claim for relief, as there must be more than "labels and conclusions" or "a formalistic recitation of the elements of a cause of action," to plausibly state a claim. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). In order to state an Eighth Amendment claim, Plaintiff must present factual allegations that Defendants were aware he was in danger of assault as a result of their actions. *See Farmer*, 511 U.S. at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence" and "more than ordinary lack of due care for the prisoner's interests or safety."); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016) ("A prison official cannot be found liable under the [the Eighth Amendment] . . . 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" (quoting *Farmer*, 511 U.S. at 837)).

Likewise, although Plaintiff alleges Defendants Brancemante and Corrilo knew of the 2019 attack on him by the other inmates, and Plaintiff alleges that one of the attackers was placed on the same yard as Plaintiff in 2020, there are no allegations these Defendants were aware the attacker was placed on the same yard with Plaintiff or that they were responsible for the yard assignments. *See Farmer*, 511 U.S. at 837 (requiring a showing the prison official knew of and disregarded an excessive risk to inmate safety). For the

same reason, to the extent Plaintiff seeks to hold these Defendants liable for his placement in administrative segregation as a result of having to defend himself, he has not shown they cased a constitutional violation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (requiring a "sufficient causal connection" between the defendant's wrongful conduct and the constitutional violation).

The Eighth Amendment failure to protect claims against Defendants are dismissed from this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. *See Wilhelm*, 680 F.3d at 1121.

### C. Leave to Amend

In light of his pro se status, the Court grants Plaintiff leave to amend to attempt to address the pleading deficiencies identified in this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012))).

## II. CONCLUSION AND ORDER

Good cause appearing, the Court **DISMISSES** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's First Amended Complaint must be complete by itself without reference to any prior version of his pleading, and any defendants not named and any claims not re-alleged will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A and his failure to prosecute in compliance with a court order requiring

amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated:  November 21, 2023

Honorable Linda Lopez
United States District Judge